UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAN CHAMUL AGUILAR,<br><br>       *Petitioner*,<br><br> – against –<br><br>RAUL MALDONADO, *Warden, Metropolitan Detention Center*, MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*, and TODD LYONS, *Acting Director, U.S. Immigrations and Customs Enforcement*,<br><br>       *Respondents*. | **MEMORANDUM & ORDER**<br>26-cv-01989 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

On February 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Willian Chamul Aguilar. Pet. for Writ of Habeas Corpus ("Petition") ¶ 19, ECF No. 1; *see also* Resp'ts Letter dated Apr. 6, 2026 ("Response") 1, ECF No. 8.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. *See* Pet. ¶ 21. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 29. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of El Salvador. Pet. ¶ 15. On October 6, 2024, petitioner entered the United States and was subsequently arrested and detained by United States Border Patrol. Pet. ¶ 16. On October 19, 2024, petitioner was placed in removal

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

proceedings. Pet. ¶ 17. On November 6, 2024, petitioner was released on his own recognizance, subject to an alternative to detention program called the Intensive Supervision Appearance ("ISA") Program. Pet. ¶¶ 18, 20; Resp. 1. Petitioner has resided in the United States since November 2024. Pet. ¶¶ 18, 20. On February 9, 2026, while appearing for a check-in appointment pursuant to the ISA program, ICE detained petitioner, charged petitioner as removable pursuant to the Immigration and Nationality Act ("INA"), and commenced removal proceedings. Pet. ¶ 19; Resp. Ex. G 2–3, ECF No. 8 at 39–40. Petitioner has been held in respondents' custody ever since, and is currently being held at the MDC. Pet. ¶ 21.

Petitioner commenced the instant action on April 3, 2026, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Pet. The same day, this case was assigned to the undersigned, and the Court issued an order preserving its jurisdiction and directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), or any other decision of this Court. Scheduling Order 3, ECF No. 6. Respondents filed a letter-response in lieu of a formal memorandum of law on April 6, 2026, which discussed the Court's prior decisions in *Crespo* and *Y-C-*. Resp. 2. Respondents stated that it is their position that petitioner's detention is subject to 8 U.S.C. § 1225(b)(2)(A). Resp. 2. Nevertheless, respondents explain that while they "disagree" with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they

2

acknowledge that those decisions would control the result in this case . . . as the facts of this case are materially indistinguishable from those of *Crespo Tacuri* and *Y-C-*." Resp. 3.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other things, that he is being detained in violation of the Due Process Clause of the Fifth Amendment and the INA. Pet. ¶¶ 1–12. The government's response does not meaningfully dispute these assertions aside from recognize that when the Court is "presented with somewhat analogous facts" to *Y-C-* and *Crespo Tacuri*, the Court has granted petitions of habeas corpus. Resp. 2. Respondents additionally note that their position has been adopted and affirmed by courts within the

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

Second, Fifth, and Eighth Circuits. Resp. 2. Accordingly, for the reasons stated by this Court in *Y- C-* and *Crespo Tacuri,* which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[3] *See Y-C-*, 2025 WL 3653496, at \*7; *Crespo Tacuri*, 2026 WL 35569, at \*7; *see also Ccorihuaman*, 2026 WL 328983, at \*2; *Meza-Figueredo v. Bondi*, No. 26-cv-01320, 2026 WL 673279, at \*2 (E.D.N.Y. Mar. 10, 2026).

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause of the United States Constitution and the INA. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and to file a letter on the docket no later than 5:00 p.m. on April 8, 2026 certifying their compliance. For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-

---

[3]    For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at \*3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of the [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's April 7, 2026 deadline to file a reply and the hearing scheduled for April 8, 2026 are hereby adjourned sine die.

Should petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

 */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:        April 7, 2026
              Brooklyn, New York